PETER FUNK *vs.* ROBERT McCULLOUGH.

The refusal of the circuit judge to give this instruction, is the only error assigned: "That if the jury believe from the testimony that said F., the defendant, was in Natchez with the property levied on, at the time the plaintiffs applied for and took out the attachment issued in this case, and if at the time the ordinary process of law could have been served on said F. personally in the county of Adams, then the jury must find for F., the defendant, in the issue joined." *Held*, that it was error in refusing the charge.

As a general rule, all that a jury can do on the trial of an issue, is to ascertain whether the contested fact has been established; and *held*, this was in substance all the instruction asked.

The only issue for the jury in this case was, the truth of the plea in abatement.

IN error from the circuit court of Adams county; Hon. Stanhope Posey, judge.

This was a suit commenced by attachment on the part of McCullough against Funk, returnable to the circuit court of Adams county. The affidavit on which it issued states the debt, and states "that Peter Funk is removing out of the State of Mississippi, so that the ordinary process of law cannot be served on him."

Upon the return of the writ into the circuit court, Funk appears and pleads in abatement by his counsel, that he was not removing out of the State at the time the attachment issued, but was then in the county of Adams and State of Mississippi, so that the process of the law could have been then and there personally served on him. The plaintiff in the court below replies and takes issue, and a jury on the trial of it finds a verdict for the plaintiff.

The only witnesses who testified on the trial of this issue, proves that Funk was in Adams county with the property levied on, on the 15th day of November, 1843, the day the affidavit was made, and the attachment was issued and executed by the sheriff, and was as open to personal service of process of our courts as his property was. Robe, the person whom he stopped

41 *

with the day before, when he came down from Kentucky, and Newman, the sheriff who levied the writ of attachment, testify to this explicitly. Robe states too, that Funk was equally accessible personally to process, also on the 14th November, the day before the attachment was taken out.

The proof is clear, that Funk was not removing, and that he could have been served with process as readily as any man in the county could have been on the 15th of November, 1843.

The two following instructions on the part of McCullough, were given by the court, and excepted to by Funk's counsel, to wit:

1. If the jury find that the defendant was removing from the State, so that the ordinary process of the law could not be served, the law is for the plaintiff, notwithstanding the defendant intended to remain in Natchez on the 15th of November, 1843, unless they find that he knew of his intention so to remain.

2. If the jury find that defendant had arrived in Natchez on the 14th of November, 1843, on his way to Louisiana, and that the plaintiff was informed of defendant's having property in the city on the 15th, and that he was going to Louisiana without having seen the defendant, and was only arrested by the service of the attachment on his property, and that the plaintiff McCullough from the circumstances, in good faith believed that he was removing, so that the ordinary process of the law could not be served upon him, then the law on this issue is for plaintiff.

This instruction on the part of the defendant Funk, was refused, and exception taken, " that if the jury believe from the testimony, that the defendant Funk was in Natchez with the property levied on at the time the plaintiff applied for and took out the writ of attachment issued in this case, and if at that time the ordinary process of law could have been served on said Funk personally, then the jury must find for the defendant Funk on the issue joined."

Judgment was rendered for the plaintiff in the attachment, and defendant took out this writ of error.

*McMurran*, for plaintiff in error.

*Sanders & Haggin*, for defendant in error.

Mr. Justice FISHER delivered the opinion of the court.

The defendant below commenced a suit by attachment in the circuit court of Adams county, on the 15th of November, 1843, against the plaintiff in error, on the ground that he was removing out of the State, so that the ordinary process of the law could not be served on him. The plaintiff in error appeared to the May term, 1844, of said court, and pleaded in abatement of the attachment, that he was not, on the said 15th day of November, 1843, removing out of the State, but was then and there in the county of Adams, and could have been personally served with the ordinary process of the law. Upon this plea issue was taken, and the cause submitted to a jury to try said issue at the May term, 1845, of said court. The jury found a verdict for the plaintiff below. The counsel for the defendant in the attachment, at the proper time took a bill of exceptions containing the testimony, and the instructions given and refused by the court. The error assigned arises upon the second instruction asked on behalf of the counsel for Funk, and refused by the court. It is in these words, to wit: " that if the jury believe from the testimony that said Funk the defendant was in Natchez, with the property levied on, at the time the plaintiff applied for and took out the writ of attachment issued in this case ; and if at that time the ordinary process of law could have been served on said Funk personally in said county of Adams, then the jury must find for the defendant Funk, in the issue joined. The testimony shows that Funk was in the city of Natchez at the time of the issuing and levying of the attachment; and the sheriff, who was a witness, says that personal service with the ordinary process of the law, could have been made as easily as a levy on the property of the defendant. The testimony is too full and clear to leave any doubt on the mind as to the truth of the facts averred in the plea; and it is difficult to determine upon what principle of law the court rejected the instruction which proposed to submit the truth of the plea to the consideration of the jury ; and if they found that its truth was established by the evidence, then, under the issue, they must find a

verdict for the defendant. As a general rule, all that a jury can do, on the trial of an issue, is to ascertain whether the controverted fact has been established. This was in substance all that this instruction asked : for the jury to say whether the testimony established the truth of the plea. Rejecting the instruction, therefore, was in effect rejecting the issue submitted for their consideration. A party can do no more than prove the truth of the facts he alleges in pleading; and, if the court decide that this is not sufficient to entitle him to recover, it is tantamount to saying that the issue is immaterial, or the facts themselves not sufficient to authorize a verdict, if true. We are of opinion that the only question before the jury was the truth of the plea in abatement, and that the issue joined thereon was not immaterial. The court, therefore, erred in rejecting the instruction.

After this issue was settled by the verdict of the jury, the defendant filed several pleas in bar, to which the plaintiff demurred; but the questions arising on this part of the record are not important, as the court should have rendered a judgment on the verdict of the jury. It is true that the verdict did not assess the plaintiff's damages. This may have been owing to the manner in which the issue was made up, or it may have resulted from a want of evidence on this part of the case. The rule is thus stated in Chitty's Pleadings : " If the plaintiff take issue upon a plea in abatement, he ought to pray damages, because if it be found against the defendant, the jury must assess the plaintiff's damages, and final judgment must be given." 1 Chitty, 464. This point, however, has been entirely overlooked by counsel, and we will not commit ourselves on it without argument.

Judgment reversed, and *venire de novo* awarded.